MARC E. HANKIN (SBN: 170505)
E-Mail:  Marc@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail:  Elodie@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Cir
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**CLASS INTERNATIONAL, INC.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLASS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff<br><br>v.<br><br>Toolman Products, Inc., a California corporation; Krystal Products Co, a California corporation; Muhammad Muneeb, an individual; Ayisha Muneeb, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants. | CASE No. 8:25-cv-00010<br><br>**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND THEFT OF TRADE SECRETS;**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Class International, Inc. DBA Krystal Products, Co. ("Krystal Kut" or "Plaintiff,") for its Verified Complaint for Trademark Infringement and Unfair Competition against Defendants Toolman Products, Inc. DBA INOX International ("Toolman"), Krystal Products Co DBA Class International ("Krystal Products Co"), Muhammad Muneeb AKA Mo Muneeb ("Mo Muneeb"), Ayisha Muneeb ("A. Muneeb"), and DOES 1 through 10, inclusive ("DOES") (collectively "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.      This is an action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), §1338(a) (any Act of Congress relating to patents or trademarks), and §1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws).

3.      This Court has supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

4.      Each Defendant is subject to personal jurisdiction in this judicial district because each Defendant engaged in the acts complained of below in this district, regularly transacts business in this district and, on information and belief, resides here.

5.      Specifically, this Court has personal jurisdiction over Toolman and Krystal Products Co because, among other things, Toolman and Krystal Products Co have a regular and established place of business in this judicial district, Toolman and Krystal Products Co are shipping products from their location in Buena Park, CA, Toolman and Krystal Products Co are incorporated in this judicial district, and Toolman and Krystal Products Co have committed, aided, abetted, contributed to and/or participated in the commission of acts giving rise to this action within the State of California.

6.      Specifically, this Court has personal jurisdiction over Mo Muneeb and A. Muneeb because, upon information and belief, they personally reside within this judicial district, and have committed, aided, abetted, contributed to and/or participated in the commission of acts giving rise to this action within the State of California.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), at least because Toolman and Krystal Products Co have a regular and established places of business in this judicial district at 6860 Orangethorpe Ave Suite B, Buena Park, California 90620, and Mo Muneeb and A. Muneeb reside in this judicial district at

1  18427 Studebaker Road, Apt # 111, Cerritos, CA 90703.

2  ## **THE PARTIES**

3      8.    Plaintiff Class International, Inc. DBA Krystal Products, Co. is a
4  California corporation with a principal place of business at 7249 Alondra Blvd,
5  Paramount, CA 90723.

6      9.    Upon information and belief, Defendant Toolman Products, Inc. DBA
7  INOX International is a California Corporation with a place of business at 6860
8  Orangethorpe Ave Suite B, Buena Park, California 90620.

9      10.    Upon information and belief, Defendant Krystal Products Co DBA Class
10  International is a California Corporation with a place of business at 6860 Orangethorpe
11  Ave Suite B, Buena Park, California 90620. Upon information and belief, Defendant
12  Muhammad Muneeb is an individual residing at 18427 Studebaker Road, Apt # 111,
13  Cerritos, CA 9070.

14      11.    Muhammad Muneeb is the brother of Mahmood Arshad, CEO and CFO of
15  Krystal Kut.

16      12.    Upon information and belief, Defendant Ayisha Muneeb is an individual
17  residing at 18427 Studebaker Road, Apt # 111, Cerritos, CA 9070.

18      13.    The Defendants named herein as DOES 1 through 10, inclusive, and each
19  of them, are currently unknown to Plaintiff, who therefore sues such "DOE" Defendants
20  by fictious names, pursuant to Fed. R. Civ. P. Rule 4 and Central District of California
21  Local Rule No. 19-1. Plaintiff is informed and believes, and thereon alleges, that each
22  fictitiously named "DOE" Defendant is in some manner, means, or degree, responsible
23  for the events and happenings herein alleged. Plaintiff will amend its Verified
24  Complaint, as necessary, to set forth the true names and capacities of the fictitiously
25  designated "DOE" Defendants when the same have been ascertained.

26

27

28

# FACTS RELEVANT TO ALL ALLEGATIONS

I.    Krystal Kut's Business and Intellectual Property Rights

14.    Krystal Kut has been a world class family-owned company that designs, manufactures, distributes, imports, exports, distributes and sells a wide range of personal grooming, manicure, beauty, and cutting tools, supplies and kits ("Krystal Tools") since the 1990's.

15.    Krystal Kut offers and promotes its goods under its highly distinctive and legally protectable Marks, some of which have been in use since as early as 1995, as detailed below.

16.    On November 1, 2024, Krystal Kut assigned various Trademark Applications and Registrations to KPC IP HOLDINGS, LLC.

17.    On November 5, 2024, Krystal Kut entered into a License Agreement with KPC IP HOLDINGS, LLC regarding various trademarks. A true and correct copy of the License Agreement is attached hereto as Exhibit A.

18.    As of the date of the Complaint, Krystal Kut is the exclusive licensee, and therefore entitled to bring suit on its own, of the following U.S. Trademark Registrations and Application (collectively referred to as the "Krystal Marks"):

19.    U.S. Trademark Registration No. 7,408,641 for **INOX** PROFESSIONAL , in Class 008, for Cuticle pushers, (the "INOX Mark"). A true and correct copy of the INOX Mark is attached hereto as Exhibit B.

20.    U.S. Trademark Registration No. 6,632,218 for MOREVILE, in Class 008, for Razors; Scissors; Shears; Tweezers; Callus cutters; Callus rasps; Hair cutting scissors; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors; Manicure implements, namely, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors; Razor cases; Razor strops; Razors and razor blades; Scissors for children; Tailor's shears; Artificial eyelash tweezers; Bags and cases

specially adapted for holding or carrying hair cutting scissors and shears; Cases for razors; Cuticle scissors; Cuticle trimmers; Cuticle tweezers; Embroidery scissors; Eyebrow razors; Eyebrow trimmers; Hair-removing tweezers; Japanese razors; Nail scissors; Non-electric razors; Safety razors; Sewing scissors; Shaving cases; Straight razors; Straight edge razors, (the "MOREVILE Mark"). A true and correct copy of the MOREVILE Mark is attached hereto as Exhibit C.

21.    U.S. Trademark Registration No. 4,671,788 for MISAKI, in Class 008, for Bags and cases specially adapted for holding or carrying hair cutting scissors and shears; Callus cutters; Callus rasps; Cases for razors; Cuticle scissors; Embroidery scissors; Hair clippers; Hair cutting scissors; Hair trimmers; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors, and clamping forceps; Hand-operated hair clippers; Manicure implements, namely, nail cutters, nail files, nail clippers, cuticle pushers, cuticle nippers, tweezers, nail and cuticle scissors; Manicure tooling sets, comprised of cuticle snippers, cuticle pusher, nail clipper, and nail cutter; Nail scissors; Non-electric razors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors; Pedicure tooling sets, comprised of cuticle snippers, cuticle pusher, nail clipper, and nail cutter; Razor blades; Razor cases; Razor knives; Razor strops; Razors; Razors and razor blades; Safety razors; Scissors; Scissors for household use; Sewing scissors; Shears; Straight razors; Tailor's shears; Tweezers, (the "MISAKI Mark"). A true and correct copy of the MISAKI Mark is attached hereto as Exhibit D.

22.    U.S. Trademark Registration No. 4,670,824 for KRYSTAL KUT, in Class 008, for Bags and cases specially adapted for holding or carrying hair cutting scissors and shears; Callus cutters; Callus rasps; Cases for razors; Cuticle scissors; Embroidery scissors; Hair clippers; Hair cutting scissors; Hair trimmers; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors, and clamping forceps; Hand-operated hair clippers; Manicure implements, namely, nail cutters, nail files, nail clippers, cuticle pushers, cuticle nippers, tweezers, nail and cuticle scissors; Manicure tooling sets,

comprised of cuticle snippers, cuticle pusher, nail clipper, and nail cutter; Nail scissors; Non-electric razors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors; Pedicure tooling sets, comprised of cuticle snippers, cuticle pusher, nail clipper, and nail cutter; Razor blades; Razor cases; Razor knives; Razor strops; Razors; Razors and razor blades; Safety razors; Scissors; Scissors for household use; Sewing scissors; Shears; Straight razors; Tailor's shears; Tweezers, (the "KRYSTAL KUT Mark"). A true and correct copy of the KRYSTAL KUT Mark is attached hereto as Exhibit E.

23.    U.S. Trademark Registration No. 7,016,968 for YIGATI, in Class 008, for Razors; Scissors; Shears; Tweezers; Callus cutters; Callus rasps; Eyebrow trimmers; Hair cutting scissors; Manicure implements, namely, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors; Razor blades; Razor cases; Razor strops; Razors and razor blades; Scissors for children; Shaving cases; Straight edge razors; Tailor's shears; Artificial eyelash tweezers; Bags and cases specially adapted for holding or carrying hair cutting scissors and shears; Cases for razors; Cuticle scissors; Cuticle tweezers; Embroidery scissors; Eyebrow razors; Hair-removing tweezers; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors, clamping forceps, and pliers; Japanese razors; Nail scissors; Non-electric razors; Safety razors; Sewing scissors; Straight razors, (the "YIGATI Mark"). A true and correct copy of the YIGATI Mark is attached hereto as Exhibit F.

24.    U.S. Trademark Registration No. 7,016,971 for OTTO, in Class 008, for Razors; Scissors; Shears; Tweezers; Callus cutters; Callus rasps; Eyebrow trimmers; Hair cutting scissors; Manicure implements, namely, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail

nippers, hangnail nippers, tweezers, nail and cuticle scissors; Razor blades; Razor cases; Razor strops; Razors and razor blades; Scissors for children; Shaving cases; Straight edge razors; Tailor's shears; Artificial eyelash tweezers; Bags and cases specially adapted for holding or carrying hair cutting scissors and shears; Cases for razors; Cuticle scissors; Cuticle tweezers; Embroidery scissors; Eyebrow razors; Hair-removing tweezers; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors, clamping forceps, and pliers; Japanese razors; Nail scissors; Non-electric razors; Safety razors; Sewing scissors; Straight razors, (the "OTTO Mark"). A true and correct copy of the OTTO Mark is attached hereto as Exhibit G.

25.    U.S. Trademark Application No. 98/427,436 for **INOX** PROFESSIONAL, in Class 008, for manicure tools; pedicure tools; eyebrow tweezers; artificial eyelash tweezers, (the "INOX Application"). A true and correct copy of the INOX Application is attached hereto as Exhibit H.

26.    Prior to assigning the Krystal Marks to KPC IP HOLDINGS, LLC and becoming KPC IP HOLDINGS, LLC's licensee, Krystal Kut was the original entity that filed, owned, and used the Krystal Marks in commerce within the United States.

27.    Since at least as early as January 16, 1995, Krystal Kut has continuously and exclusively used the MOREVILE Mark in United States commerce to indicate the source of Krystal Kut's goods.

28.    Since at least as early as March 1, 1996, Krystal Kut has continuously and exclusively used the YIGATI Mark and the OTTO Mark in United States commerce to indicate the source of Krystal Kut's goods.

29.    Since at least as early as January 1, 2000, Krystal Kut has continuously and exclusively used the KRYSTAL KUT Mark in United States commerce to indicate the source of Krystal Kut's goods.

30.    Since at least as early as February 23, 2001, Krystal Kut has continuously and exclusively used the INOX Mark in United States commerce to indicate the source of Krystal Kut's goods.

1    31.    Since at least as early as March 6, 2008, Krystal Kut has continuously and

2    exclusively used the MISAKI Mark in United States commerce to indicate the source

3    of Krystal Kut's goods.

4        II.    Krystal Kut's Goods

5    32.    Krystal Kut offers a multitude of goods in the beauty industry under the

6    Krystal Marks, including the Krystal Tools that comprises an extensive array of

7    personal grooming, manicure, beauty, and cutting tools, supplies and kits.

8    33.    Krystal Kut has invested substantial time, effort, and financial resources

9    into developing and promoting the Krystal Marks and, as a result, enjoys significant

10    goodwill and value in the Krystal Marks in connection with the Krystal Tools. The

11    Krystal Marks are conceptually and commercially strong and are entitled to a broad and

12    robust scope of legal protection.

13    34.    Krystal Kut offers the Krystal Tools through its website accessible at

14    https://www.krystalkut.com/ ("Krystal Website".) A true and correct copy of the Home

15    Page of the Krystal Website is attached hereto as Exhibit I.

16    35.    Krystal Kut also uses the Krystal Marks on its Catalogs, both online and

17    printed ("Krystal Catalogs"). A true and correct copy of a representative sample of the

18    Krystal Catalogs are attached hereto as Exhibit J.

19    36.    The Krystal Tools are promoted and sold "business-to-business" to

20    retailers, brands and distributors, and are marketed through various trade channels

21    including online, and in paper catalogs.

22        III.    Defendants' Infringement

23    37.    Upon information and belief, Toolman is a corporation, first incorporated

24    on March 3, 2021.

25    38.    Upon information and belief, Defendants advertise their products via a

26    website first created on March 24, 2021.

27    39.    Upon information and belief, Muhammad Muneeb is working for, is

28    affiliated with, has a business relationship with, or has economic interests in Toolman .

40.     Upon information and belief, Muhammad Muneeb is working for, is affiliated with, has a business relationship with, and/or has economic interests in Krystal Products Co.

41.     On paper, Mo Muneeb was affiliated with Krystal Kut until September 1, 2016. A true and correct copy of the Transfer of Shares is attached hereto as Exhibit N.

42.     Mo Muneeb came to the U.S. from Pakistan in 2009; he left the U.S. soon thereafter, and then came back again to the U.S.

43.     Mo Muneeb wanted to obtain U.S. Citizenship, so he asked for help from his brother, Mahmood Arshad, Chief Executive Officer and Chief Financial Officer of Krystal Kut.

44.     Mahmood Arshad agreed to provide assistance to his brother Mo Muneeb.

45.     Mahmood Arshad allowed Mo Muneeb to state that he had made an investment in Krystal Kut, for the sole purpose of obtaining a Visa to live and work in the U.S.

46.     Before September 1, 2016, Mo Muneeb was an employee of Krystal Kut and has never had any control over Krystal Kut.

47.     Mahmood Arshad filed tax returns for his businesses, including Krystal Kut, and he was listed on those tax returns as the sole shareholder of Krystal Kut.

48.     Mo Muneeb was never listed on any tax return as a shareholder of Krystal Kut or any of the businesses owned and operated by his brother Mahmood Arshad.

49.     On information and belief, Mahmood Arshad's bookkeeper had never met Mo Muneeb.

50.     On information and belief, Mahmood Arshad's CPA prepared personal tax returns for Mo Muneeb, but had never actually met the man.

51.     On September 1, 2016, Mo Muneeb transferred all of his paper shares in Krystal Kut back to his brother, Mahmood Arshad, Chief Executive Officer, Chief Financial Officer of Krystal Kut. A true and correct copy of the Transfer of Shares is attached hereto as Exhibit N.

52.     Mo Muneeb was hired as an employee of Class International ("Krystal Kut") on June 1, 2019, when he completed and signed an IRS W-4 "Employee's Withholding Allowance Certificate". The exhibit is not being filed for privacy reasons.

53.     Mo Muneeb left the employment of Class International ("Krystal Kut") on February 3, 2021, when he received his final paycheck of $2600.00. The exhibit is not being filed for privacy reasons.

54.     Upon information and belief, Ayisha Muneeb is listed on the latest Statement of Information for Toolman as Toolman's Chief Executive Officer, Secretary, and Chief Financial Officer.

55.     Upon information and belief, Mo Muneeb presents himself as the President/CEO of Toolman. A true and correct copy of the Mo Muneeb business card is attached hereto as Exhibit K.

56.     Defendants advertise and sell a range of personal grooming, manicure, beauty, and cutting tools, supplies and kits, under the names "INOX PROFESSIONAL," "MOREVILE," "MISAKI," "KRYSTAL KUT," "YIGATI," or "OTTO" ("Accused Product") in their Catalogs ("Toolman Catalogs"). A true and correct copy of a representative sample of the Toolman Catalogs is attached hereto as Exhibit L.

57.     In addition to its sales and advertisements, Defendants refer to the YIGATI Mark, the OTTO Mark, and the INOX Mark as being part of their "Brands" on their website. A true and correct copy of the Home Page of the Toolman Website is attached hereto as Exhibit M.

58.     Defendants also display the INOX Mark, OTTO Mark, and YIGATI Mark on the front page of their catalog as if it was their own, or as if they were authorized to use such Marks, which they are not. *See* Exhibit L.

59.     Defendants use the Krystal Marks to advertise, market, offer, and sell goods in the beauty industry that are identical or highly related to the goods advertised, marketed, offered, and sold by Krystal Kut.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For example, the Krystal Website promotes and offers personal grooming, manicure, beauty, and cutting tools, supplies and kits:



VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT; AND UNFAIR COMPETITION; AND THEFT OF TRADE SECRETS;

1    60.    Defendants offer their competing goods, using the Krystal Marks, through

2  their website as follows:



61.    Upon information and belief, Defendants' goods are promoted and sold

"business-to-business" to retailers, brands, and distributors, and are marketed through

various trade channels, including online and in paper catalogs.

62.    Despite Krystal Kut's substantial senior rights in the Krystal Marks,

Defendants recently applied for four identical or nearly identical marks to some of the Krystal Marks; specifically:

| Krystal Marks | Toolman Trademark Applications ("Infringing Applications") |
|---|---|
| **INOX** PROFESSIONAL<br><br>Application filed on August 17, 2023<br>First use in commerce: February 23, 2001<br>Serial No. 98137707<br>Reg. No. 7408641<br>Class 008<br>For Cuticle pushers | **INOX** PROFESSIONAL<br><br>Application filed on July 12, 2024<br>Intent-to-use filing basis<br>Serial No. 98646683<br>Class 035<br>For On-line wholesale and retail store services featuring manicure implements/razors and razor blades, namely, Japanese razors, safety razors, non-electric razors, straight razors, straight edge razors, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors, nail scissors, as well as pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors. |
| **INOX** PROFESSIONAL<br><br>Application filed on February 29, 2024<br>Date of first use in commerce: February 23, 2001<br>Serial No. 98427436<br>Class 008<br>For manicure tools; pedicure tools; eyebrow tweezers; artificial eyelash | INOX PROFESSIONAL<br>Application filed on July 12, 2024<br>Intent-to-use filing basis<br>Serial No. 98646679 |

| tweezers. | Class 035 |
| --- | --- |
| | For On-line wholesale and retail store services featuring manicure implements/razors and razor blades, namely, Japanese razors, safety razors, non-electric razors, straight razors, straight edge razors, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors, nail scissors, as well as pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors. |
| **OTTO** | **OTTO SOLINGEN** |
| Application filed on February 24, 2022 | Application filed on August 26, 2024 |
| First use in commerce: March 1, 1996 | Intent-to-use filing basis |
| Serial No. 97281765 | Serial No. 98717501 |
| Reg. No. 7016971 | Class 035 |
| Class 008 | For On-line wholesale and retail store services featuring manicure implements/razors and razor blades, namely, Japanese razors, safety razors, non-electric razors, straight razors, straight edge razors, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors, nail scissors, as well as pedicure |
| For Razors; Scissors; Shears; Tweezers; Callus cutters; Callus rasps; Eyebrow trimmers; Hair cutting scissors; Manicure implements, namely, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors; Pedicure implements, namely, nail cutters, nail files, toenail clippers, | |

| | |
|---|---|
| cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors; Razor blades; Razor cases; Razor strops; Razors and razor blades; Scissors for children; Shaving cases; Straight edge razors; Tailor's shears; Artificial eyelash tweezers; Bags and cases specially adapted for holding or carrying hair cutting scissors and shears; Cases for razors; Cuticle scissors; Cuticle tweezers; Embroidery scissors; Eyebrow razors; Hair-removing tweezers; Hand tools for use in tying artificial fishing flies, namely, tweezers, scissors, clamping forceps, and pliers; Japanese razors; Nail scissors; Non-electric razors; Safety razors; Sewing scissors; Straight razors. | implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors. |
| | **OTTO** ★★★★ Solingen<br>Application filed on August 28, 2024<br>Intent-to-use filing basis<br>Serial No. 98722060<br>Class 035<br>For On-line wholesale and retail store services featuring manicure implements/razors and razor blades, namely, Japanese razors, safety razors, non-electric razors, straight razors, straight edge razors, nail files, nail clippers, nail cutters being nail clippers, cuticle pushers, tweezers, nail and cuticle scissors, nail scissors, as well as pedicure implements, namely, nail cutters, nail files, toenail clippers, cuticle pushers, toenail nippers, hangnail nippers, tweezers, nail and cuticle scissors. |

63.   The services identified in Defendants' Infringing Applications are identical or highly related to Krystal Kut's goods and Krystal Tools.

64.   Indeed, Defendants' services, as identified in their Infringing Applications, cover the on-line wholesale and retail aspects of Krystal Kut's goods and Krystal Tools.

65.   Defendants are not licensed or otherwise authorized to use the Krystal

Marks, or any confusingly similar marks, and are not otherwise affiliated with Krystal Kut other than as a disgruntled former employee with regard to Mo Muneeb.

66.   Defendants have manufactured, imported, exported, promoted, advertised, used, sold, and/or offered to sell the Accused Products within the United States (including in California) without receiving authorization or permission from Krystal Kut to do so.

67.   Upon information and belief, Defendants were well-aware of the Krystal Marks before they began manufacturing, importing, promoting, advertising, using, selling, and/or offering to sell the Accused Products in the United States.

68.   Such unauthorized and unlicensed use by Defendants of the Krystal Marks has caused and will continue to cause harm to Krystal Kut and its goodwill and creates a likelihood of confusion in the marketplace.

69.   Defendants had constructive knowledge and, on information and belief, had actual knowledge of Krystal Kut's senior and substantial rights in the Krystal Marks prior to adopting the Infringing Applications for use in connection with competing goods and services.

70.   Defendants are willfully and intentionally deriving benefits from Krystal Kut's longstanding reputation and substantial goodwill in the Krystal Marks by using the Krystal Marks to promote and offer identical or highly related goods in competition with Krystal Kut.

71.   Defendants' actions are causing and, unless enjoined, will continue to cause irreparable injury to Krystal Kut.

IV.   Defendants' Misappropriation of Plaintiff's Trade Secrets

72.   Krystal Kut first hired Mo Muneeb on July 1, 2010, and he was terminated on September 1, 2016.

73.   Mo Muneeb was rehired by Krystal Kut on June 1, 2019, and was terminated for the final time on February 3, 2021.

74.   During his two terms of employment by Krystal Kut, Mo Muneeb has

1    access to Krystal Kut's confidential information.

2        75.    Krystal Kut is informed and believes that Mo Muneeb has misappropriated

3    Krystal Kut's trade secret information.

4        76.    Krystal Kut is informed and believes that Mo Muneeb, upon leaving

5    Krystal Kut, took a red colored, Toshiba, portable hard drive, which is the property of

6    Krystal Kut.

7        77.    This hard drive contains proprietary and confidential information,

8    including data related to Krystal Kut's clients or related to Krystal Kut's historical

9    pricing ("Stolen Information").

10       78.    Both the hard drive itself and the information contained in the hard drive

11   are owned by Krystal Kut.

12       79.    Upon information and belief, Mo Muneeb shared the information

13   contained in the hard drive with Toolman.

14       80.    Upon information and belief, Mo Muneeb shared the information

15   contained in the hard drive with Krystal Products Co.

16       81.    Upon information and belief, Toolman, Krystal Products Co and their

17   agents or representatives know or should have known that they were using the Stolen

18   Information.

19       82.    Defendants are willfully and intentionally deriving benefits from Krystal

20   Kut's longstanding reputation and substantial goodwill by using the Stolen Information

21   to promote and offer identical or highly related goods in competition with Krystal Kut.

22       83.    Defendants' actions are causing and, unless enjoined, will continue to

23   cause irreparable injury to Krystal Kut.

24       V. Defendants' Additional Wrongful Actions regarding Unfair Competition

25       84.    In addition to using the Krystal Marks for their own benefit, Defendants

26   also attempted to cause confusion between the company and therefore between the

27   origin of the goods and services.

28       85.    Since the 1990's, Class International, Inc. has been known to the public

1  (and in the industry) as Krystal Products, Co.

2      86.    On Google, Plaintiff's website is referred to as Krystal Products, Co.:

Krystal Products, Co.
https://www.krystalkut.com · Traduire cette page  ⋮

## Krystal Products, Co. - Professional Beauty, Hair, Nail ...

We are wholesale distributors of barber and beauty tools, hair styling scissors, eyelash extension tools, hair extension tools, nail salon tools, ...

9      87.    On October 4, 2024, Mo Muneeb incorporated Krystal Products Co.

    88.    On October 7, 2024, Mo Muneeb filed a Fictitious Business Name for Krystal Products Co., namely CLASS INTERNATIONAL. A true and correct copy of LA County Fictitious Business Name Open Data is attached hereto as Exhibit O.

    89.    The use of the exact same denomination reinforces the fact that the Defendants are trying their best to create the impression that Krystal Kut and Defendants are the same entity or part of the same group, thereby deceiving customers and causing confusion in the public and in the industry.

    90.    A Google search with the terms "Krystal Products Co" show, as a first result, Plaintiff's website. A true and correct copy of a Google search with the terms "Krystal Products Co" is attached hereto as Exhibit P.

    91.    This is the direct result of having a company incorporated with the same name as Plaintiff.

    92.    Upon information and belief, Defendants also use SKUs that are identical or confusingly similar to those used by Plaintiff.

    93.    This practice constitutes unfair competition, creating confusion in the marketplace and misleading consumers regarding the origin or affiliation of the products.

    94.    The deliberate use of similar SKUs further aggravates the violation by damaging Krystal Kut's reputation and business.

95.    Because of Defendants' unfair competition, some customers that otherwise would have selected Plaintiff's products, have purchased Defendants' products.

96.    Additionally, Defendants' acts of unfair competition resulted in diverting and poaching customers from Plaintiff to Defendants, increasing Defendants' profit on their overall sales.

97.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to an injunction preventing Defendants from engaging in the above-described unlawful, unfair, and/or fraudulent business acts or practices, and restitution in the amount of all of Defendants' profits earned in connection with the foregoing activities.

<u>**CLAIMS FOR RELIEF**</u>

<u>**CLAIM I**</u>

**(Direct Trademark Infringement Pursuant to Section 32 of the Lanham Act)**

98.    Krystal Kut incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

99.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution or sale of goods or services which is likely to result in confusion, mistake or deception.

100.    Defendants have used in United States commerce, without the consent of Krystal Kut, the Krystal Marks in connection with personal grooming, manicure, beauty, and cutting tools, supplies and kits, in a manner likely to result in confusion, mistake, or deception with respect to Krystal Kut and the Krystal Marks, leading the public to believe that Defendants' goods emanate from Krystal Kut, or that Krystal Kut has approved, sponsored or otherwise associated itself with Defendants or Defendants' goods.

101.    Through the unauthorized use of the Krystal Marks, Defendants are unfairly benefiting from and misappropriating Krystal Kut's goodwill and reputation,

resulting in substantial and irreparable injury to the public and to Krystal Kut.

102.    Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

103.    Krystal Kut is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Krystal Kut's prior use and ownership of the Krystal Marks. Defendants' conduct, therefore, is willful and reflects Defendants' malicious and tortious intent to trade on and exploit the goodwill and strong brand recognition associated with the Krystal Marks, supporting a claim for punitive damages.

104.    Defendants' wrongful acts should be preliminarily and permanently enjoined by this Honorable Court and will continue unless so enjoined.

105.    Defendants' acts have caused, and will continue to cause, irreparable injury to Krystal Kut, which injury has no adequate remedy at law. Krystal Kut is thus entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them, from engaging further in such infringing acts.

106.    As a result of Defendants' wrongful conduct, Krystal Kut has suffered, and will continue to suffer, significant damages. Krystal Kut is entitled to recover damages in an amount to be established at Trial, plus interest, costs, and attorneys' fees.

107.    Defendants have obtained unjust profits, gains and advantages as a result of their tortious and willful infringement, and will continue to realize unjust profits, gains, and advantages as a result of their infringement as long as such infringement is permitted to continue. Krystal Kut is entitled to recover all of Defendants' ill-gotten profits from Defendants in an amount to be established at Trial.

## CLAIM 2

### (Unfair Competition, False Designation of Origin, and False Description and Representations Pursuant to Section 43(a) of the Lanham Act)

108.    Krystal Kut incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

109.  Defendants' unauthorized use in United States commerce of the Krystal Marks in connection with the distribution, advertising, promotion, offering for sale, and sale of Defendants' goods constitutes use of a word, term, name, symbol, false designation of origin, and misleading description and representation of fact that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Krystal Kut, and as to the origin, sponsorship, association or approval of Defendants' goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

110.  Defendants' Infringing Applications constitute use of a word, term, name, symbol, false designation of origin and misleading description, and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Krystal Kut, and as to the origin, sponsorship, association, or approval of Defendants' goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

111.  Krystal Kut is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Krystal Kut's prior use and ownership of the Krystal Marks. Defendants' conduct is willful and reflects Defendants' intent to trade on and exploit the goodwill and strong brand recognition associated with the Krystal Marks.

112.  Defendants' use of SKUs that are identical or confusingly similar to those used by Plaintiff constitutes use of a word, term, name, symbol, false designation of origin and misleading description, and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Krystal Kut, and as to the origin, sponsorship, association, or approval of Defendants' goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

113.  Defendants' use of the exact same denomination as Plaintiff in their newly incorporated company Krystal Products Co DBA CLASS INTERNATIONAL,

constitutes use of a word, term, name, symbol, false designation of origin and misleading description, and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Krystal Kut, and as to the origin, sponsorship, association, or approval of Defendants' goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

114. Defendants' wrongful acts should be preliminarily and permanently enjoined by this Honorable Court and will continue unless so enjoined.

115. Defendants' acts have caused, and will continue to cause, irreparable injury to Krystal Kut, which injury has no adequate remedy at law. Krystal Kut is entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them, from engaging further in such infringing acts.

116. As a result of Defendants' wrongful conduct, Krystal Kut has suffered, and will continue to suffer, substantial damages. Krystal Kut is entitled to recover damages in an amount to be established at Trial, plus interest, costs, and attorneys' fees.

117. Defendants have obtained unjust profits, gains, and advantages as a result of their tortious and willful infringement, and will continue to realize unjust profits, gains, and advantages as a result of their infringement as long as such infringement is permitted to continue. Krystal Kut is entitled to recover all of Defendants' ill-gotten profits from Defendants in an amount to be established at Trial.

## CLAIM 3

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

118. Krystal Kut incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

119. Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent, and/or deceptive business acts, and/or practices in the conduct of any trade or commerce, in violation of California Business and Professions Code § 17200.

120.   Defendants' conduct, in violation of California Business and Professions Code § 17200, *et seq.*, has caused, and is likely to cause, public confusion, deception, mistake, and infringes Krystal Kut's rights, including its trademark rights and the goodwill associated with them.

121.   Defendants' acts have caused, and will continue to cause, irreparable injury to Krystal Kut, which injury has no adequate remedy at law. Krystal Kut is thus entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them from engaging further in such unlawful acts.

122.   Krystal Kut is entitled to restitution in the amount of all of Defendant's profits earned in connection with the foregoing tortious activities.

## CLAIM 4

### (Violation of the Defend Trade Secrets Act – Against Mo Muneeb)

123.   Krystal Kut incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

124.   Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb misappropriated Krystal Kut Stolen Information, including but not limited to trade secrets, as described above.

125.   This information was related to multiple client data, products, or services used in, or intended for use in, interstate commerce.

126.   Krystal Kut is a California corporation with its principal place of business in California, but it also operates an e-commerce business. Its website, www.krystalkut.com, has been in use since 2000.

127.   Krystal Kut's trade secrets are not known outside Krystal Kut, are known only by Krystal Kut employees, are subject to reasonable measures to guard the secrecy of the information, including technology policies, is valuable, and is difficult for others to properly acquire or independently duplicate. Krystal Kut has taken reasonable measures to maintain the secrecy of the trade secrets, including but not limited to

maintaining the information in a secure manner.

128.    Mo Muneeb knew that he had a duty to maintain the secrecy of Krystal Kut's trade secrets.

129.    Mo Muneeb's actions constitute actual, threatened, and continuing misappropriation in violation of the DTSA.

130.    Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb has misappropriated Krystal Kut's trade secrets by: (i) acquiring Krystal Kut's trade secrets with knowledge or reason to know that the trade secrets were acquired by improper means; and (ii) disclosing, using, and threatening to use the trade secrets, which he acquired by improper means, without Krystal Kut's express or implied consent, including by using the trade secrets to advance Toolman and Krystal Products Co, direct competitors of Krystal Kut.

131.    Krystal Kut has suffered damages and irreparable harm as a result of Mo Muneeb' past and ongoing breaches of the DTSA.

132.    Krystal Kut is entitled to recover actual damages.

133.    Krystal Kut's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable and compensatory relief.

134.    Mo Muneeb's actions will continue to cause irreparable harm and damages to Krystal Kut if not restrained.

135.    Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb's misappropriation of its trade secrets has been willful and malicious, entitling Krystal Kut to an award of its reasonable attorneys' fees and exemplary damages.

### CLAIM 5

### (Violation of California Uniform Trade Secrets Act – Against Mo Muneeb)

136.    Krystal Kut incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

137.    Krystal Kut possesses trade secrets as defined by California's Uniform Trade Secrets Act, Civil Code sections 3426-3426.11, as described above.

138.  The trade secrets derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from their disclosure and/or use.

139.  Krystal Kut has taken reasonable measures to maintain the secrecy of the trade secrets, including but not limited to maintaining the information in a secure manner.

140.  Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb has misappropriated Krystal Kut's trade secrets by: (i) acquiring Krystal Kut's trade secrets with knowledge or reason to know that the trade secrets were acquired by improper means; and (ii) disclosing, using, and threatening to use the trade secrets, which he acquired by improper means, without Krystal Kut's express or implied consent, including by using the trade secrets to advance Toolman and Krystal Products Co, direct competitors of Krystal Kut.

141.  Krystal Kut is informed and believes, and thereon alleges, that it has suffered damages, and Defendants have been unjustly enriched, as a direct result of his trade secret misappropriation.

142.  Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb's trade-secrets misappropriation has caused and continues to cause Krystal Kut irreparable injury and cannot be fully redressed through damages alone. Krystal Kut is thus entitled to a preliminary and permanent injunction restraining Defendants from further use or disclosure of Krystal Kut's trade secrets, and requiring the return thereof to Krystal Kut, is necessary to provide Krystal Kut with complete relief.

143.  Krystal Kut is informed and believes, and thereon alleges, that Mo Muneeb's misappropriation of its trade secrets has been willful and malicious entitling Krystal Kut to an award of its reasonable attorneys' fees under Civil Code section 3426.4 and exemplary damages under Civil Code section 3426.3(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants as follows:

   a) That Defendants, their officers, agents, employees, representatives, servants, successors, assigns, and any and all persons, firms, corporations, and/or entities either acting directly or indirectly in concert with them or under their direction, control, or authority, be permanently enjoined from further use of the Krystal Marks in relation with any of the products covered by the Krystal Marks and enjoined from further use of the Krystal Marks in relation with any of the products covered by the Krystal Marks preliminarily during the pendency of this action and permanently thereafter;

   b) That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their Trademark Infringement, false designation of origin, unfair competition, and other misconduct specified herein, in an amount to be determined at Trial;

   c) That Plaintiff be awarded treble damages in accordance with section 35 of the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendants' conduct;

   d) That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

   e) That Plaintiff be awarded a preliminary and permanent injunction against Mo Muneeb and its agents, employees, representatives, and those acting in concert:

      a. From any further use or disclosure of Krystal Kut's Stolen

Information;

b. From soliciting any of Krystal Kut's referral sources, clients or employees whose information is contained in the Stolen Information;

c. From performing services for any already-solicited referral sources or clients whose information is contained in the Stolen Information;

d. To return to Krystal Kut all materials constituting or embodying Krystal Kut's Stolen Information, in whatever form or format, including, without limitation, hard copies and electronic data;

e. From destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or other electronic storage media) that relate to the claims in this case; and

f. From any further use or disclosure of Krystal Kut's Stolen Information;

f) That Plaintiff be awarded general and special damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

g) That Plaintiff be awarded punitive and exemplary damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

h) That Plaintiff be awarded an order restoring to Krystal Kut all profits and proceeds that the Mo Muneeb obtained from his wrongdoing, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

i) That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein;

j) That Plaintiff be granted such other and further relief as the Court deems

1       just and proper.

2                       Respectfully submitted,

3                       **HANKIN PATENT LAW, APC**

4   Dated:  January 2, 2025         */Marc E. Hankin/*

5                       Marc E. Hankin, Esq.

6                       Attorneys for Plaintiff,

7                       **Class International, Inc.**

8

9                   **<u>DEMAND FOR JURY TRIAL</u>**

10   Krystal Kut hereby demands trial by jury on all claims and issues so triable.

11

12                       Respectfully submitted,

13                       **HANKIN PATENT LAW, APC**

14   Dated:  January 2, 2025         */Marc E. Hankin/*

15                       Marc E. Hankin, Esq.

16                       Attorneys for Plaintiff,

17                       **Class International, Inc.**

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION**

2   I am the Chief Executive Officer and Chief Financial Officer of Class

3 International, Inc. DBA Krystal Products, Co.  I have read the foregoing Verified

4 Complaint and Exhibits thereto, and I know the contents thereof.  The same is true of

5 my own personal knowledge, except for those matters which have been stated herein

6 on information and belief, and as to those matters, I believe them to be true.

7   I declare under the penalties of perjury of the State of California and the United

8 States that the foregoing is true and correct.  Executed at Paramount, California, on

9 January 2, 2025.

10

11        By:   _____

12          Mahmood Arshad

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28